UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

KEITH DOBBINS #321402,           )
                                 )
            Plaintiff,           )      Case No. 2:08-cv-290
                                 )
v.                               )      Honorable Gordon J. Quist
                                 )
GEORGE CRAYCRAFT, et al.,        )
                                 )
            Defendants.          )
_____)


## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation

Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from

such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's

*pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure

to state a claim against Defendant Classification Director Doug Besteman.  The Court will serve the

complaint against Defendant Food Service Director George Craycraft.

**Discussion**

I.      Factual allegations

Plaintiff Keith Dobbins #321402, an inmate at the Kinross Correctional Facility (KCF), alleges that he began working in the KCF kitchen as an unskilled maintenance worker on August 26, 2005.  In January of 2006, Plaintiff was promoted to the semi-skilled salad prep / cook under the supervision of Food Service Supervisors Clegg and Defendant Craycraft.  On August 6, 2006, Plaintiff was promoted to the lead position on his shift by Supervisor Clegg, which utilized Plaintiff's "Food Tech" certificate and on the job training skills.

On September 7, 2006, Plaintiff filed a grievance on Defendant Craycraft asserting an abnormality in the food safety protocols and verbal abuse.  On September 13, 2006, Plaintiff was informed by Assistant Food Service Director Carrick that Defendant Craycraft was irate about the grievance.  Plaintiff states that Defendant Craycraft then began to harass him by insinuating that Plaintiff was not up to the task of lead position.  Defendant Craycraft also required Plaintiff to train two new employees simultaneously in violation of policy, added excessive workloads to Plaintiff's assignments, constantly accused Plaintiff of moving too slowly, and delegated authority over Plaintiff to the prisoners that Plaintiff had been training.  On September 15, 2006, Plaintiff sent a kite to Assistant Food Service Director Carrick complaining of Defendant Craycraft's harassment.  Plaintiff did not receive a response.  On October 5, 2006, Plaintiff filed a grievance on Defendant Craycraft for retaliation and requested he be switched to a different shift to avoid further problems with Defendant Craycraft.  On October 10, 2006, Defendant Craycraft suspended Plaintiff without any reason being given.

On October 24, 2006, Defendant Besteman showed Plaintiff the final work evaluation for October of 2006, which contained a number of fabrications against Plaintiff by Defendant

Craycraft.  Plaintiff could not explain the alleged work violations except to assert that he was being

retaliated against by Defendant Craycraft.  Therefore, Plaintiff was terminated from his food service

job.  On October 25, 2006, Plaintiff filed a grievance against Defendant Besteman for not giving him

a 30 day probationary period before terminating him from his job assignment.   Plaintiff was

confined to his room for approximately three months until a new job assignment became available

on yard crew.  On August 6, 2008, Plaintiff filed a grievance against Defendant Besteman for the

denial of due process.

Plaintiff states that Defendant Craycraft violated his First Amendment right to be free

from retaliation and that Defendant Besteman violated his Fourteenth Amendment right to due

process.  Plaintiff seeks damages and equitable relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source

of substantive rights itself, the first step in an action under § 1983 is to identify the specific

constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that the Defendant Besteman's conduct in terminating Plaintiff's job

assignment violated his due process rights.  Even assuming that what Plaintiff says is true, Plaintiff

has not stated a viable due process claim.

> Procedural due process claims require resolution of two questions:
>
> [T]he first asks whether there exists a liberty or property interest which has been interfered with by the State, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972); the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. *Hewitt v. Helms*, 459 U.S. at 472.

*Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Generally speaking, one determines whether a protected interest exists by determining whether the individual claiming it has a legitimate claim of entitlement to it. *Id.* at 460. The interest here at issue is whether Plaintiff, a prisoner, had an entitlement to continued prison employment in the absence of just cause for discharge. Plaintiff has no inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980).

Nor does state law create such an entitlement. Michigan's statutes and regulations give prison authorities complete discretion regarding programming assignments of prisoners. Michigan does not have statutes or administrative rules restricting the discretion of its prison administrators concerning such decisions. Under Michigan Department of Corrections regulations, prison authorities retain broad discretion regarding the assignment of prisoners to rehabilitative programs and work assignments. *See* MDOC Policy Directives 05.01.100 (effective Jan. 1, 2001), 05.02.110 (effective Feb. 25, 2008) and 05.02.112 (effective Apr. 7, 2003).

Accordingly, since Plaintiff had no entitlement or liberty interest to his job assignment, the Due Process Clause was not implicated by Plaintiff's termination, with or without cause.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the

Court determines that Defendant Besteman will be dismissed for failure to state a claim pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the

complaint against Defendant Craycraft.

An Order consistent with this Opinion will be entered.

Dated:  January 14, 2009                        _____/s/ Gordon J. Quist_____
                                                              GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE