UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

KEITH DOBBINS,

    Plaintiff,

v.                                                             Case No. 2:08-CV-290

GEORGE CRAYCRAFT, et al.,                    HON. GORDON J. QUIST

    Defendants.
_____/

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

The Court has before it Plaintiff's objections to the report and recommendation issued March 1, 2010, in which the magistrate judge recommended that Defendant's motion for summary judgment be granted. Plaintiff alleges that Defendant violated Plaintiff's First Amendment rights by terminating Plaintiff from his Salad Lead Worker position in retaliation for filing grievances against Defendant. The magistrate judge concluded that Defendant is entitled to summary judgment because the evidence establishes that the sole cause of Plaintiff's termination was Plaintiff's conduct in performing the job functions as Salad Lead Worker. The magistrate judge further concluded that Plaintiff's filing of grievances was not a cause of his termination.

After conducting a *de novo* review of the report and recommendation, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted. Therefore, the Court will grant Defendant's motion for summary judgment.

Plaintiff's objection to the report and recommendation consists of Plaintiff's affidavit and an affidavit prisoner Ronald Reese Barchus, who holds a food service specialist certificate from Gulf Coast Community College of Florida State University. In his affidavit, Mr. Barchus attests to the

proper method for cooling down pasta/potato salad, by adding cold water and ice, draining, and repeating these steps until the pasta/potato salad is evenly cooled. In his own affidavit, Plaintiff states that while Defendant alleged in his affidavit that Plaintiff was suspended for sleeping in the dining room, there is no rule listed in the Orientation Manual for KCF Food Service Workers that prohibits sleeping on lunch break in the dining area. Plaintiff further states that Defendant has failed to offer any evidence showing that Plaintiff failed to complete his assigned tasks, as instructed, between September 6, 2006, and October 10, 2006.

In spite of Plaintiff's objections, the Court agrees with the magistrate judge that the evidence, viewed in a light most favorable to Plaintiff, shows that Plaintiff was terminated for his conduct in performing the job functions of his Salad Lead Worker job and not for filing grievances. As the magistrate judge noted, the evidence shows that Plaintiff was having problems with his job performance prior to the date he filed his first grievance against Defendant, and it appears that Plaintiff's job deficiencies after Plaintiff filed his grievances were merely a continuation of the pattern of conduct that had already existed. In other words, nothing suggests that Defendant's criticisms of Plaintiff were motivated by the grievances that Plaintiff filed. The question in a retaliation case such as this is whether the adverse action was motivated, at least in part, by the protected conduct. Given that Plaintiff was already having problems with his work performance, nothing in the record shows that the adverse action, i.e., termination, was motivated by unlawful retaliation. Whether Plaintiff's method of cooling down the potato salad ingredients by adding ice was proper or a better procedure than the one Defendant instructed Plaintiff to follow is irrelevant to the issue of retaliation. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 1, 2010 (docket no. 48) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 34) is **GRANTED**, and Plaintiff's Motion in Limine (docket no. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court can discern no good-faith basis for an appeal. Accordingly, an appeal of this action would not be taken in good faith.

This case is **concluded**.


Dated: March 22, 2010                     /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE