UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEITH DOBBINS,

        Plaintiff,

v.                                        Case No. 2:08-CV-290

GEORGE CRAYCRAFT, et al.,           HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER REJECTING
## REPORT AND RECOMMENDATION

Plaintiff, Keith Dobbins, has filed a Motion for Review and Appeal of Magistrate, which the Court construes as Plaintiff's Objection pursuant to 28 U.S.C. § 636(b)(1) to Magistrate Judge Greeley's August 12, 2012, Report and Recommendation (R & R), recommending that the Court grant Defendant Craycraft's Motion for Summary Judgment and dismiss the case. For the reasons set forth below, the Court will reject the R & R and deny Defendant's motion.

In a previous Order entered on March 22, 2010, the Court adopted Magistrate Judge Greeley's March 1, 2010, Report and Recommendation that Defendant's motion for summary judgment be granted. Plaintiff appealed the Court's March 22, 2010, Order and Judgment to the United States Court of Appeals for the Sixth Circuit. On May 17, 2011, the Sixth Circuit reversed this Court's grant of summary judgment on the ground that this Court abused its discretion in failing to allow Plaintiff an opportunity for discovery before granting Defendant's Motion for Summary Judgment. *See Dobbins v. Craycraft*, 423 F. App'x 550, 552–53 (6th Cir. 2011). In particular, the court of appeals said that Plaintiff should have been afforded discovery "to present evidence that

[Defendant] made up the incident in the dining room and then fabricated or backdated the other incidents of poor performance after learning about the grievances." *Id.* at 553.

Following remand from the court of appeals, the magistrate judge afforded Plaintiff the opportunity to conduct discovery and to file a supplemental response to Defendant's Motion for Summary Judgment. After considering Plaintiff's supplemental response to the motion, as well as Defendant's reply, the magistrate judge again concluded that Defendant is entitled to summary judgment. The magistrate judge noted that, in spite of his opportunity to conduct discovery, Plaintiff failed "to offer any additional evidence in support of his assertion that Defendant Craycraft lied about the incident in the dining room and then fabricated or backdated the other incidents of poor performance after hearing about the grievances." (R & R at 5.) The magistrate judge concluded that that Defendant is entitled to summary judgment because: (1) Defendant indicated that Plaintiff was a probationary worker in the Salad Lead Worker position and could be terminated for any reason during the probationary period, (*id.* at 8); (2) Plaintiff failed to offer any new evidence contradicting Defendant's assertion that Plaintiff had fallen asleep on the job or verifying that Defendant was upset about Plaintiff's grievances and wished to fire Plaintiff, (*id.*); (3) "Plaintiff's affidavit implicitly admits falling asleep during his work assignment," (*id.*); and (4) Plaintiff failed to present any evidence that Defendant fabricated or backdated incidents of poor performance after hearing about the grievance, (*id.*).

After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be rejected and Defendant's Motion for Summary Judgment should be denied.

Although the issue is close, based upon a review of the record, the Court concludes that a genuine issue of fact remains as to whether Defendant acted with a retaliatory motive. The Court reaches this conclusion based on the following evidence:

1. Although Defendant Craycraft stated that Plaintiff was a probationary worker and could be terminated for any reason, *see* Craycraft Aff. ¶ 17, Dkt. # 38, Plaintiff has shown that he was not a probationary worker at the time because he was promoted to Salad Lead Worker on August 6, 2006, *see* R & R at 7, and had completed the sixty-day probationary period as of October 10, 2006, when Defendant completed the performance evaluation requesting that Plaintiff be removed from his job assignment, *see* Pl.'s Objection Ex. C, Dkt. # 88-3.

2. Contrary to the magistrate judge's observation, Plaintiff did not admit in his affidavit, Dkt. # 83, that he fell asleep during his work assignment. Rather, Plaintiff maintains that he was sleeping while on his lunch break. *See* Dobbins Aff. ¶ 5, Dkt. #83; Dobbins 6/30/09 Aff. ¶ 6).f., Dkt. #41. Plaintiff asserts that there is no work rule prohibiting workers from sleeping on lunch break.

3. Plaintiff has shown that Kim Carrick, the Assistance Food Service Supervisor who responded to Plaintiff's September 7, 2006, grievance against Defendant, found that the September 6, 2006, potato salad incident resulted from a miscommunication between Plaintiff and Defendant regarding Plaintiff's prior training and that the situation would be resolved by providing Plaintiff additional training. *See* Pl.'s Objection Ex. D. Yet, Defendant then cited the potato salad incident in his October 10, 2006, work assignment evaluation as a past performance issue.

4. Plaintiff received perfect or nearly perfect scores on his evaluations by Supervisor Clegg before the potato salad incident and received an above-average total score of 36 out of 39 on his September 19, 2006, evaluation by Supervisor Clegg, after the potato salad incident. In contrast, in completing Plaintiff's October 10, 2006, evaluation—apparently the only time Defendant completed an evaluation of Plaintiff—Defendant assigned Plaintiff a below-average total score of 13, based, in part, on incidents that occurred several months earlier.

5. Defendant recommended that Plaintiff be terminated from his position only five days after Plaintiff filed his October 5, 2006, grievance against Defendant.

In addition to the foregoing facts, the Court notes that the Sixth Circuit in its opinion reversing this Court's prior grant of summary judgment to Defendant said that Defendant's "evidence of non-retaliatory explanation was *equivocal*." *Dobbins*, 423 F. App'x at 553 (emphasis added). Although the court of appeals did not opine whether summary judgment would or would not have been proper given the state of the record without the additional evidence Plaintiff sought through discovery, the court of appeals' characterization of Defendant's summary judgment evidence as "equivocal" suggests that it viewed Defendant's evidence as failing to demonstrate that

no genuine issue of material fact remains as to retaliatory motive.  Because Defendant has not offered any additional evidence in support of his Motion for Summary Judgment, his summary judgment evidence remains "equivocal," and his motion must be denied.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 2, 2012 (Dkt. # 87) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt. # 34) is **DENIED**.


Dated:  December 13, 2012                                                                      /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                UNITED STATES DISTRICT JUDGE